Good afternoon, Your Honors. Government Counsel, may it please the Court. My name is Paul Camarena, and I'm the Court Appointed Counsel for the Appellant, Mr. Harris. This Court has previously lamented that within the context of criminal appeals, criminal appellants most often assert the claim that the sentencing court failed to adequately address defense argument in mitigation. This Court has also indicated that with respect to criminal appeals on the merits, the Court's caseload could be reduced if sentencing courts made a very simple but direct question to the defense. Because when sentencing courts ask the defense, are they satisfied that the sentencing court has addressed all defense arguments, the defendant is later precluded from asserting on appeal that the district court failed to address a certain defense argument. Unfortunately, Your Honors, we're here again today because the sentencing court didn't pose that question during sentencing. I'll move to the merits of the case. The government is represented by very competent and skilled attorneys. I've litigated against both of them. However, I have to respectfully submit that their brief unnecessarily convolutes and confuses some issues, so I will disentangle those issues as I have in my opening brief. So I'd like to provide some background. When Mr. Harris was a teenager, he committed a federal robbery, and just a few days later, he committed a state robbery. Mr. Harris pled guilty to the state robbery, and he received a state sentence before he pled guilty to the federal robbery and received his federal sentence. During the federal sentencing hearing, the defense asked the sentencing court to credit the state sentence towards the federal sentence. The government is absolutely correct. The sentencing court agreed with that and gave Mr. Harris credit for his state incarceration. However, that's an entirely different argument, and it's an entirely distinct argument from the argument that's on appeal today. Because, as I mentioned, Mr. Harris first committed his federal robbery, and then he committed his state robbery just a few days later. In truth, both the robberies could have gone either way. It was just who chose to charge, right? I mean, it wasn't necessarily state or federal. Absolutely, Your Honor, and it doesn't make a difference, except that the federal prosecutors filed a criminal complaint alleging the federal robbery, and they served that complaint on Mr. Harris's assistant public defender. She neglected to reach out to him and to advise him, hey, you have federal charges that pertain to you. And only because Mr. Harris and his state public defender were unaware of those charges, Mr. Harris pled guilty to the state charges. Had Mr. Harris and his public defender been aware of those charges, he would not have pled guilty, and the reason is the simple fact of him having pled guilty to the state charges increased the federal sentencing guideline range. Now, during the sentencing hearing, this was pointed out to the sentencing court, and the defense asked the sentencing court to not increase the federal sentencing guideline range on account of the state plea. Now, the government correctly points out that the district court did exactly what he was required to do under the guidelines. He increased the guideline range based on this earlier state plea. But that ignores the argument that's on appeal now that Mr. Harris attacked the very fairness of the guidelines, and the district court did never address that. I have read, obviously, several times the government's reply brief, and I haven't found anything that would establish that the district court addressed this issue with respect to why Mr. Harris should have been additionally penalized due to an error caused by his federal public defender. And as I mentioned, the government has very skilled litigators, and if I'm wrong about that, they will correct me. The government points out that the sentencing court did pose a question to the defense, and they assert that based on that question, Mr. Harris has waived the appeal now. The question that the government refers to is the following question when the district court asked, is there anything else you think has been omitted? However, under this court's case law, such a broad inquiry is insufficient to result in a waiver. In the case of the United States v. Morris, which was cited in the opening brief, the sentencing court asked the defense, and I quote, anything further in this matter. The defense responded in the negative and then raised the assertion that the sentencing court failed to address the defense's challenge to the justness or to the fairness of the guidelines. This court held that that question, anything further in this matter, was too broad and it was too inspecific to result in a waiver of the claim on appeal and reversed and remanded. I would submit to the court that the question in U.S. v. Morris was more directly, can be interpreted more reasonably to be referring to sentencing litigation arguments by the defense because that question was anything further in this matter, the defense responded no. In the case at Barr, the only question that the district court posed was, is there anything else you think has been omitted? Now, immediately before that question, the court discussed omitting certain recommended conditions of supervised release. So that question cannot reasonably be interpreted as a question that this court has suggested that district courts pose to defense. What was the range that he was sentenced at? Was it a 29-3 or a 27-4? It was 100 to 125. Yeah, but what guideline level was the court imposing? One moment, Your Honor. I'm looking at page 7 of the appendix, and I'm not sure if there was a misspoken. I think you were advocating for 28-3, right? I was asking for the guideline range that began with 97 months. And we know that the district court rejected that argument, although it didn't address why it rejected it. I thought he did address it when he said he does have the Illinois conviction, so it's the proper guideline calculation. Whether I consider it in mitigation later, that's another story for the recommendation. But the correct guideline calculation is whatever he said, 27. I think it turned out to be 27-4 because of the reduction in the loss amount. Right, as opposed to 28-3, yes. So he correctly calculated the guidelines, but Mr. Harris challenged the justness and the fairness of those guidelines because those guidelines were higher than they would have been only due to a defense attorney error. And the district court didn't address that issue. We know that he rejected the argument that the guidelines were unfair because of the defense counsel error. And we know that because immediately before he imposed judgment, he said the guideline range is 100 to 125 months. Had he accepted the argument that the defense counsel's error should not have increased the guideline range, he would have started the guideline range at 97 months. But isn't that exactly why he gave him the credit time? Isn't that how he accounted for the argument you made to make it fair? If I may submit, Your Honor, respectfully, those are entirely two different positions that the defense put forward. One of them was that he was going to receive a federal sentence no matter what, and we didn't know what that was. But whatever that sentence was going to be, it should have been offset by the time that he had spent in state custody. And the court agreed with that. And once we got through that issue, the second issue is what the federal sentence should be. And, of course, the beginning of that analysis is the guidelines. And we argued that the guidelines were too harsh because they penalized Mr. Harris only because he pled guilty, being ignorant of the federal complaint. And he was only ignorant of that because his assistant public defender, his assistant federal public defender, never reached out to him and told him that there was a federal complaint against him. Okay, but the midpoint of the range, the judge said I'm going to go with the midpoint. The midpoint of your range was 109 months, right? Yes. And the judge started here with 112. Yes. And gave the concurrent time. Yes. And gave some other credit time that you requested. I want to make one other question to you. You made the point about when the judges ask a general question. In this case, in fact, you said, Judge, yes, I do need something else from you. I need you to show this to the BOP so that he gets his full credit time. So there was interplay there. There was. There was, Your Honor. But I was, having been familiar with these lines of cases, and having read mores where the court said that defense counsel is only obligated to put forward his position. He's not required to object. Had the court posed that question, are you satisfied? And I've had several other judges ask me this. Are you satisfied that I have considered all of your arguments in mitigation? I would have responded, Your Honor, we have not addressed this issue. That question was never posed. And I wouldn't be making this argument today certainly had that question been made. I don't want to abuse my time. Thank you. Thank you, Your Honor. That's my question. Thank you. Mr. Parenti? May it please the Court? My name is Chris Parenti, and I represent the United States. First, to answer Your Honor's question, what the district court, the final numbers that the district court did use was a 27-4, which was 100-125, and which all parties agreed to was, in fact, the legally correct guideline. A defendant's argument is essentially that had his defense attorney communicated with his state defense attorney, it would have been 28-3, which would have been 97-121, which is a three-month difference. But what's clear is the district court did address this argument. This argument was raised in the defendant's sentencing memo. It was responded to in the government's sentencing memo. And then the district court spent the entire first half of the sentencing laying it out for everybody. He's like, we have this range if we take the conviction into account, which we legally have to do, which defense conceded that that was correct, and we have this range if we exclude an Indiana conviction. Now, parties, let me hear your arguments about what you actually think the sentence should be. And after arguments from both sides about what the actual sentence should be, the court said, and I'm reading from appendix page 34, I do have a little discretion on the initial count, and I'm going to exercise it and not give you the maximum guideline range. But in this instance, I happen to think the guidelines, the spread, captures the severity of the crime and all the other factors of section 3553. So the court has said, I understand what the guideline ranges are here. I understand we all agree that this is the correct legal guideline range, and I think that's actually appropriate, and I'm going to sentence in the middle. And it ends up imposing, at the end of the day, an actual below-guideline sentence in this case. So the government's position is there's no procedural error whatsoever in this case. The district court laid out both sets of guidelines, examined the conduct, talked about the seriousness of the offense. These were armed takeover robberies that the defendant committed. He committed three of them, and the district court came up with what it believed to be the correct sentence, in which, in fact, gave him credit for the three years that he spent in Indiana State custody, and then ran the sentence concurrently, as the government agreed should be done in this case. So there's no error here, and as Your Honor mentioned, at the end of the hearing, the court did ask the defendant if there was anything else that's been omitted, and the defense did bring up something. It didn't bring this up, and in fact, it didn't even argue this point or ask for a specific sentence during the defense's argument for a specific sentence. So it's the government's position that the court did more than what's required here, addressed this concern, and, in fact, committed no error whatsoever in imposing the sentence in this case. If there's no other questions, the government would ask that the court confirm the sentence. Ms. Cameron? I appreciate the extra time, Your Honor. I would only point out that the government pointed out that this was not a subject of litigation during the actual sentencing hearing, and that's because the parties didn't expect it to be. This was an issue that was agreed to by everyone. The request that the court not increase the sentencing range because of the state conviction was agreed to by the probation office, and it was also actually joined by the government, and it was also submitted previously sentencing by the defense. So it's true that it's not something that was litigated during the sentencing hearing, but it's also not something that was addressed by the district court. So if the court doesn't have any other questions, I will go over it. Thank you. Thank you. Thanks to all counsel. Ms. Cameron, I want to give you an additional thanks for accepting the appointment in this case. It was an honor and a pleasure. Thank you. The court takes the case under advisement and may stand in recess. Thank you. Thank you.